By the Court, Cowen, J.
The utmost that can be made of this case for the plaintiff is a loan of money by him to Williams ; then a sale by Williams of his stock in trade to the defendant, at his request, and a promise by the defendant, in consideration of such sale, to pay the debt due by Williams to the plaintiff. The promise was made to John L. Mason as the actual or assumed agent of the plaintiff, and Williams’ notes for the money were surrendered. His bond and warrant for the same sum remained, though perhaps they were in effect discharged. The goods were not transferred to the defendant in trust, to be specifically appropriated to the payment of Williams’ debt, either by way of delivering them to the plaintiff, or selling them and paying over the proceeds to him. In either of the *615 latter cases, the defendant having actually sold and received the proceeds, would have been chargeable in an action for money had and received to the plaintiff’s use. (Camp v. Tompkins, 9 Conn. Rep. 545, 553, and the cases there cited; Owing's ex'rs v. Owing, 1 Har. & Gill, 484, 491; Neilson v. Blight, 1 John. Cas. 205; Jackson v. Mayo, 11 Mass. Rep. 147,152.) A case for such an action, however, is scarcely pretended. It is said to have been a loan of money by the plaintiff to the defendant. But I do not see it in that light. It was a shifting of Williams’ debt, from him to the defendant. There may be a question on the statute of frauds; but that will depend on another question, viz. whether Williams was entirely discharged; and perhaps on other considerations not in the case, which went off on the variance between the declaration and evidence. The judge held that a general count for money lent was inapplicable. We think he was right. In Bell v. Chaplain, (Hardr. 321,) it is said that where a promise is made to the father for the benefit of the son, the latter bringing the action must declare specially on the promise made to the father. I do not see that it would make any difference though the defendant in such case actually promise the person for whose benefit the contract is made. Where the promise is collateral, to pay the debt of a third person, it is necessary, as was supposed by Mr. Justice Bronson in Quin v. Hanford, (1 Hill, 82, 86,) and as I understand the law clearly to be, that the declaration should always be special. Again, in Beers v. Culver, (id. 589, 590,) the defendant, in consideration that the plaintiff would deliver him a note against one Bradley, promised to pay the plaintiff what Bradley owed him. Mr. Justice Bronson again said: “ The plaintiff was seeking to recover on a special contract to pay the debt of Bradley, and he should have counted specially on the promise.” Now it is by no means certain that this case is any thing more than that. It is quite doubtful whether Williams’ obligation did not remain; for, though his notes were given up, the bond and warrant against him were not formally discharged. But admitting that they were, I do not see how the case would be *616 covered by any of. the money, counts. 'The consideration is the . discharge of Williams and the sale of goods by him- to .the dé-' fendant. '
New. trial denied.(a)

 A somewhat similar decision was made at this term in the case of Jones, v. Hawks and another. The. declaration contained the common counts in assumpsit and, at the trial,, the plaintiff proposed to prove, in efibct, that he sold certain scraps for making glue to one Reed on a credit '; that Reed, having- failed, sold them to the defendants, .who promised him that they Would pay the plaintiff. The defendants’ counsel objected that general indebitatus assumpsit would' not lie, but. that the plaintiff should have declared specially ; and the circuit judge,'being.of that opinion, excluded'the evidence and nonsuited the plaintiff, who moved for a new trial on a case; The motion wag argued by
D. Cady, for the plaintiff, and
E. D. Smith, for the defendants.
The Court said, the objections taken at the trial were fatal, and the' plaintiff properly nonsuited. The declaration should have been special. (Mason v‘._Manger, in the text.) - ' ' . • . ...
New trial denied.